UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BILLY J. BOND,**

    **Plaintiff,**

**v.**                                               **Case No.: 8:08-CV-2056-T-33EAJ**

**RIPA & ASSOCIATES, LLC,**

    **Defendant.**

_____/

## ORDER

Before the court are Defendant's **Motion to Quash Subpoena and/or for Protective Order** (Dkt. 10) and Plaintiff's **Response** (Dkt. 12).

## Background

Plaintiff is a former employee of Defendant, a civil construction company operating in the Tampa Bay area (Dkt. 1 at 2-3). On October 15, 2008, Plaintiff filed a complaint alleging that he and others had regularly worked for Defendant in excess of forty hours per week without receiving the overtime pay required by law (Id. at 4). Plaintiff asserted claims under § 207 of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as well as a claim for damages stemming from his alleged retaliatory termination (Id. at 4-6).

On March 23, 2009, Plaintiff notified Defendant that he intended to subpoena attorney Ryan Barack, Esq., to produce documents relating to an unpaid overtime lawsuit brought against Defendant in 2006 by another employee, Wayne Willis ("Willis") (Dkt. 10 at 1). Mr. Barack represented Defendant in that suit, which was ultimately settled pursuant to a confidential settlement agreement (Id. at 1; Dkt. 12 at 1-2).

On April 3, 2009, Defendant served Plaintiff with a notice of objection to the subpoena (Dkt.

10 Ex. B). On April 6, 2009, Plaintiff faxed Defendant a letter arguing that the Federal Rules of Civil Procedure require a party "to do more than serve a bare objection" to a subpoena issued to a non-party (Dkt. 10 Ex. C). On April 8, 2009, Plaintiff served the subpoena on Mr. Barack (Dkt. 10 at 2) and the next day Plaintiff informed Defendant that the subpoena had been served (Dkt. 12 at 3). The subpoena set a May 8, 2009 deadline for production of the requested documents. (Dkt. 10 Ex. A).

On April 28, 2009, Defendant faxed a letter to Plaintiff advising that continued pursuit of a copy of the Willis settlement agreement would lead Defendant to seek a protective order from the court (Dkt. 12 Ex. C). On April 30, 2008, Plaintiff faxed Defendant a response contending, among other things, that "a motion to quash or modify the subpoena now comes too late since more than 14 days have run from service of the subpoena" (Dkt. 12 Ex. D). On May 11, 2009, Defendant filed the motion to quash now before the court (Dkt. 10).

On May 14, 2009, Plaintiff received a 1.5-inch-thick sealed package from Mr. Barack which, according to Plaintiff, "presumably contains the subpoenaed documents" (Dkt. 12 at 2). However, Plaintiff has agreed to delay unsealing the package pending disposition of the motion to quash (Id.).

## Analysis

### I. Defendant's Challenge to the Subpoena Under Rule 45, Fed. R. Civ. P.

#### a. Standing

Defendant submits that although it was not the recipient of the subpoena, it has standing both to object to the subpoena, pursuant to Rule 45(c)(2)(B), Fed. R. Civ. P., and to move to quash the subpoena, pursuant to Rule 45(c)(3), Fed. R. Civ. P., because it "has a 'privacy right' or 'real interest' in the confidential settlement and release agreement and other documents subpoenaed by

Plaintiff" (Dkt. 10 at 4).

The plain language of Rule 45(c)(2)(B) allows objections by a "person commanded to produce documents or tangible things." Standing to object to a subpoena via Rule 45(c)(2)(B) is exclusively reserved to the recipient of the subpoena. See Klima v. Carnival Corp., No. 08-20335-CIV, 2009 WL 1066969, at *2 (S.D. Fla. Apr. 21, 2009) (noting that Rule 45 objections are "only available to the person commanded to produce the documents"); Bender v. Tropic Star Seafood, No. 4:07cv438-SPM/WCS, 2008 WL 2824450, at *1 (N.D. Fla. July 21, 2008) (same); Rivertree Landing, LLC v. Murphy, No. 6:07-mc-104-GAP-DAB, 2007 WL 3333357, at *1 (M.D. Fla. Nov. 9, 2007) (emphasizing that Rule 45(c)(2)(B) "allows for the *subpoenaed party* to file objections"); contra Iron Workers' Local 25 Pension Fund v. Watson Wyatt & Co., Nos. 04-CV-40243, 07-CV-12368, 2009 WL 648503, at *6 (E.D. Mich. Mar. 10, 2009); Minn. Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co. of Wausau, 183 F.R.D. 627, 629 (D. Minn. 1999). Accordingly, Defendant lacks standing to challenge Plaintiff's subpoena pursuant to Rule 45(c)(2)(B).

By contrast, Rule 45(c)(3) does not provide that only a subpoena's recipient may move to quash the subpoena. Thus, a party has standing to move to quash a subpoena issued to a non-party where the party "alleges a 'personal right or privilege' with respect to the subpoena[]." See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)). Given the broad nature of this standard, and Defendant's lack of argument to the contrary, Plaintiff has sufficiently alleged that it has a legitimate expectation of privacy in the contents of its confidential settlement agreement with Willis. Accordingly, Defendant has standing to move to quash Plaintiff's subpoena to Mr. Barack.

**b.    Timeliness**

Defendant contends that even if Plaintiff has standing to challenge the subpoena, Plaintiff's motion to quash should be denied as untimely (Dkt. 12 at 2-4). Defendant insists that the deadline for objections to the subpoena should also apply to motions to quash the subpoena (Id. at 2).

Rule 45(c)(2)(B) provides that an objection to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Rule 45(c)(3)(A)(iii) requires a court, "[o]n timely motion," to quash a subpoena requiring disclosure of "privileged or other protected matter, if no exception or waiver applies." Rule 45(c)(3)(B)(i) allows a court, "on motion," to quash a subpoena requiring disclosure of "a trade secret or other confidential research, development, or commercial information."

In arguing that the deadlines in Rule 45(c)(2) apply to motions to quash, Defendant overlooks that "the plain language of Rule 45 provides for different time periods for serving objections and for filing a motion to quash." Schaaf v. SmithKline Beecham Corp., No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *1 (M.D. Fla. Aug. 4, 2006); accord In re Kulzer, Cause No. 3:09-MC-08 CAN, 2009 WL 961229, at *2 (N.D. Ind. Apr. 8, 2009) ("Although written objections must be filed within fourteen days of the subpoena's service, a motion to quash need only be 'timely' filed."); WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891, 894 (S.D. Ind. 2006) (holding failure to serve timely objections under Rule 45(c)(2)(B) did not preclude motion to quash subpoena under Rule 45(c)(3)); contra Tutor-Saliba Corp. v. United States, 30 Fed. Cl. 155, 156 (Fed. Cl. 1993) ("Rule 45(c)(2) implicitly requires that a motion to quash a subpoena be filed within fourteen days of service, and the rule 45(c)(3) timeliness requirement appears to refer to that period."); Jennings v. Short-Elliott-Hendrickson, Inc., Civil Action No. 05-CV-01056-LTB-MEH,

2007 WL 2045497, at *1 (D. Colo. July 10, 2007) (holding motion to quash was untimely pursuant to Rule 45(c)(2)(b)). The deadline for motions to quash "is not defined in the Rule or the Committee notes thereto." Schaaf, 2006 WL 2246146, at *1. Accordingly, the timeliness of Defendant's motion is not controlled by Rule 45(c)(2).

Nonetheless, Defendant is not relieved from the requirement that it file motions to quash in a timely fashion. "In general, courts have read 'timely' to mean within the time set in the subpoena for compliance." United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 238 F. Supp. 2d 270, 278 (D. D.C. 2002). Defendant learned of Plaintiff's intent to issue the subpoena as early as March 23, 2009 and confirmed its awareness on April 3, 2009. Yet Defendant inexplicably waited until May 11, 2009, three days after the deadline for compliance with the subpoena, to file its motion with this court. Given that Defendant was alerted to the subpoena more than two weeks before it was sent to Mr. Barack, Defendant's filing of its motion more than a month after the subpoena was issued and three days after the deadline for Mr. Barack's compliance warrants denial of Defendant's motion to quash as untimely. See e.g. City of St. Petersburg v. Total Containment, Inc., No. 06-20953-CIV-LENARD, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (denying as untimely motion to quash filed one day after compliance was due).

**II. Defendant's Challenge to the Subpoena Under Rule 26(c), Fed. R. Civ. P.**

Defendant further submits that, in addition to seeking confidential information, the subpoena seeks information that is irrelevant or could be obtained with less burden and greater convenience from Defendants (Dkt. 10 at 5).

Pursuant to Rule 26(c), Fed. R. Civ. P., "a party or any person from whom discovery is sought may move for a protective order." A party "clearly" has standing to move for a protective

order regarding third-party subpoenas if the subpoenas seek irrelevant information. Auto-Owners, 231 F.R.D. at 429. Moreover, for good cause, the court may enter a protective order to relieve a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Id. "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." Id. at 429-30 (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Here, of course, Mr. Barack has not objected to compliance with the subpoena. To the contrary, Mr. Barack has already produced a package that likely contains the materials sought by Plaintiff. Thus, Defendant's contention that compliance with the subpoena would be unduly burdensome to Mr. Barack carries little weight. See id. at 429 ("Defendants do not have standing to quash the subpoenas on grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.") (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil 2d § 2035). Moreover, Defendant's argument that Plaintiff should have first sought these materials from Defendant is undercut by the fact that Plaintiff in fact requested these documents from Defendant to no avail (Dkt. 12 at 7).[1]

As for Defendant's confidentiality concerns, they are outweighed by Plaintiff's need to

---

[1] Defendant insists that Plaintiff "has improperly subpoenaed Mr. Barack for Defendant's records without first seeking those documents from Defendant" (Dkt. 10 at 6). However, on March 23, 2009 Plaintiff's counsel sent Defendant's counsel a letter asking Defendant to "produce the documentation it has in hand regarding the Willis claim at its earliest opportunity" (Dkt. 12 Ex. I). Assuming that Defendant means to argue it had insufficient time to comply with this request, Defendant has failed to establish, or even suggest, why it was unable to produce these materials between March 23, 2009 and April 8, 2009, when the subpoena was served, or any time thereafter.

determine whether Defendant's alleged failure to pay overtime compensation was willful. See Tucker v. Labor Leasing, Inc., 155 F.R.D. 687, 688 (M.D. Fla. 1994) (holding information regarding prior civil actions involving overtime compensation is "clearly discoverable" to establish whether a failure to pay overtime compensation is willful).

### Conclusion

Although Defendant has standing to move to quash Plaintiff's subpoena to a non-party, Defendant's motion to quash was not timely filed and is thus denied. Further, Defendant has failed to show good cause to prevent Mr. Barack's disclosure of the materials pursuant to Rule 26(c), Fed. R. Civ. P.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Defendant's Motion to Quash Subpoena and/or for Protective Order (Dkt. 10) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on this 8th day of July, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge