UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILLY J. BOND,

    Plaintiff,

v.                        CASE NO: 8:08-cv-2056-T-33EAJ

RIPA & ASSOCIATES, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion for Summary Judgment (Doc. # 16), filed August 10, 2009. Plaintiff filed a Response thereto on August 28, 2009 (Doc. # 19).

I.  Background

Plaintiff was employed by Defendant, a Tampa-based civil construction company, from June 2002 through August 2008. Plaintiff was initially hired by Defendant as a dozer operator. He was later promoted to Foreman and then to Assistant Superintendent only to be demoted back down to Foreman when Defendant experienced a decrease in business. Plaintiff remained a Foreman until his separation from employment with Defendant pursuant to a reduction in force on August 21, 2008.

On October 15, 2008, Plaintiff filed his Complaint alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., claiming he was improperly denied overtime pay (Count I) and retaliated against for complaining about not receiving overtime pay (Count III). Plaintiff has abandoned Count II, which alleged that similarly situated employees were denied overtime compensation in violation of the FLSA.

Defendant now moves for summary judgment on both remaining counts. Defendant argues that Plaintiff is exempt from the FLSA overtime requirements based on the executive and/or administrative exemptions and that summary judgment is appropriate as to Count I. Defendant argues that it is entitled to summary judgment on Count III because the person responsible for the adverse employment actions was unaware of any protected activity, and there were legitimate reasons for Plaintiff's demotion and subsequent termination.

II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590,

593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

III. Analysis

    A.   FLSA Claim - Count I

Employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week as provided in the FLSA. See 29 U.S.C. § 207(a)(1). Exempted from overtime pay

requirements is "any employee employed in a bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1); see also Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994). The burden of showing entitlement to an exemption is on the employer. Barreto v. Davie Marketplace, LLC, No. 08-16940, 2009 WL 1636023 (11th Cir. June 11, 2009); Jeffery, 64 F.3d at 594. In addition, overtime exemptions are construed narrowly, against the employer. Barreto, 2009 WL 1636023, at *1; Avery, 24 F.3d at 1340. These exemptions are "to be applied only to those clearly and unmistakably within the terms and spirit of the exemption." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1269 (11th Cir. 2008).

I. Executive Exemption

To qualify for the executive exemption, an employee must: (1) be compensated on a salary basis at a rate of not less than $455 per week; (2) be an employee whose "primary duty" is management of the enterprise that employs him, or a customarily recognized department or subdivision thereof; (3) customarily and regularly direct the work of two or more other employees; and (4) have the authority to hire or fire other employees or whose suggestions and recommendation as to the hiring, firing, advancement, promotion or other change of

status of other employees are given "particular weight."  29 C.F.R. § 541.100(a).

Plaintiff concedes that the first and third requirements are met in this case.  Plaintiff, however, argues that the second "primary duty" and fourth "particular weight" requirements are not met.

The Code of Federal Regulations defines "primary duty" as "the principal, main, major or most important duty that the employee performs" but explains that the "[d]etermination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole."  29 C.F.R. § 541.700(a).  The factors to be considered in this analysis include: (1) the amount of time spent performing management duties; (2) the relative importance of the management duties compared with other types of duties; (3) the frequency with which an employee may exercise discretionary powers; (4) the employee's relative freedom from direct supervision; and (5) the relationship between the employee's salary and the wages paid to other employees for the kind of non-management work performed by the employee.  Barreto, 2009 WL 1636023, at *2 (citing Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1264 (11th Cir. 2008) & 29 C.F.R. § 541.103).  "This analysis

6

requires an examination beyond an employee's title to the specific duties performed by the employee." Id.

Regarding the fourth requirement, the Regulations explain that "[t]o determine whether an employee's suggestions and recommendations are given 'particular weight,' factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which the employee's suggestions and recommendations are relied upon." 29 C.F.R. § 541.105.

Plaintiff's deposition testimony, considered in the light most favorable to him, creates a genuine dispute as to whether management was his primary duty. Plaintiff testified that the vast majority of his time - about 80% - was spent running heavy equipment, a non-managerial duty. (Plaintiff's deposition, p. 94). An employee who does not spend more than 50% of their time performing exempt duties may, nonetheless, meet the primary duty requirement if the other factors support such a conclusion. Barreto, 2009 WL 1636023, at *3 n.1; see also 29 C.F.R. § 541.700(b),(c)("Time alone ... is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Thus, for example, assistant managers in a

retail establishment who preform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register."). "However, where an employee spends the majority of his time on non-exempt work and has admittedly few managerial-type obligations, there is at least a factual question as to whether the non-exempt duties are comparatively more important than the exempt duties. Such determinations of fact in the face of conflicting evidence are within the exclusive province of a jury." Barreto, 2009 WL 1636023, at *3 n.1 (citing Morgan, 551 F.3d at 1269).

Plaintiff presented sworn testimony suggesting not only that he spent the majority of his time performing non-management duties, but also that the management duties he did perform were less important to his position than the non-managerial duties he performed and that he infrequently exercised his discretion and was subject to direct supervision. Accordingly, this Court finds that a reasonable factfinder could find that Plaintiff's managerial tasks did not constitute his "primary duties" under the balancing test

8

set forth in the Regulations. Similarly, Plaintiff, through his deposition testimony, created a genuine issue of material fact as to whether his employment recommendations were given "particular weight."

ii. Administrative Exemption

To qualify for an administrative exemption, an employee must: (1) be compensated on a salary basis at a rate of not less than $455 per week; (2) be an employee whose primary duty is the performance of office or non-manual labor directly related to the management or general business operation of the employer or its customers; and (3) be an employee whose primary duty included the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a).

Again, Plaintiff concedes the salary basis test, but contests the other two requirements. Similar to the executive exemption discussion above, this Court finds that Defendant has not met its burden of showing entitlement to the administrative exemption and that Plaintiff has raised genuine issues of material fact as to the second and third requirements of the administrative exemption test.

Viewing the evidence in the light most favorable to Plaintiff, there are genuine issues of material fact in

9

regards to the executive exemption as to whether Plaintiff's "primary duty" consisted of management and whether his recommendations in hiring, firing, or advancement of employees were given "particular weight," and, in regards to the administrative exemption, there are genuine issue of material fact as to whether Plaintiff's "primary duty" was the performance of office or non-manual labor directly related to management and whether his "primary duty" included the exercise of discretion and independent judgment with respect to matters of significance. Accordingly, summary judgment as to Count I is denied.

    B.    Retaliation Claim - Count III

In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must show "1) that he engaged in an activity protected by the FLSA that was known to his employer; 2) that he suffered an adverse employment action, and 3) that there is a causal connection between his participation in the statutorily-protected activity and the adverse employment action." <u>Vandesande v. Miami-Dade County</u>, 431 F. Supp. 2d 1245, 1252-53 (S.D. Fla. 2006)(citing <u>Wolf v. Coca-Cola Co.</u>, 200 F.3d 1337, 1342-43 (11th Cir. 2000)). A plaintiff can meet the causation element by "providing sufficient evidence that the decision-maker had knowledge of

the protected activity and that there was a close temporal proximity between this awareness and the adverse action." Id. at 1256 (citing Hidgon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004)).

The Court finds that Plaintiff has failed to establish a prima facie case of retaliation. Plaintiff has failed to proffer any evidence that his protected activity was known to his employer or that there was a causal connection between his participation in the statutorily-protected activity and the adverse employment action.[1]

Even if Plaintiff had established a prima facie case, Defendant has established legitimate reasons for the employment action to negate the inference of retaliation, which Plaintiff has not shown to be pretextual. Id. at 1253. Specifically, Plaintiff was demoted due to a decrease in work and for performance reasons, and Plaintiff's job was eliminated or consolidated due to a severe decrease in work

---

[1]Plaintiff argues in his Response (Doc. # 19), filed August 28, 2009, that he should be allowed to submit additional argument and evidence on the retaliation claim derived from the fruits of depositions scheduled for August 31, 2009. The Court notes that although Plaintiff filed a Notice of Supplemental Authority in Opposition to Defendant's Motion for Summary Judgment on November 25, 2009 in regards to the FLSA claim arguments (Doc. # 28), Plaintiff did not file any additional argument or evidence as to the retaliation claim after the August 31, 2009 depositions.

and for performance reasons. Accordingly, summary judgment is granted as to Plaintiff's retaliation claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion for Summary Judgment (Doc. # 16) is **DENIED** as to Count I and **GRANTED** as to Count III.

(2) Defendant's Motion for Leave to File Reply Brief to Plaintiff's Response to Motion for Summary Judgment (Doc. # 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of February, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record